MOBIL OIL EXPLORATION,
et al., Plaintiffs,

v.

Ronald H. BROWN, Secretary, United
States Department of Commerce,
et al., Defendants.

Civil Action No. 95–93 SSH.

United States District Court,
District of Columbia.

March 11, 1996.

Diane Lynn Gildersleeve, Mobil Oil Corporation, Fairfax, VA, for Plaintiffs.

Caroline Meredith Zander, Environmental & Natural Resources Division, Dept. of Justice, Washington, DC, for Defendants.

Jay L. Osborne, North Carolina Dept. of Justice, Raleigh, NC, for State of North Carolina-intervenor/defendant.

### MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are plaintiffs' objection to the scope of the administrative record and, in the alternative, a motion to supplement the record, defendants' opposition, and plaintiffs' reply.[1] Upon careful consideration of the entire record, plaintiffs' motion to supplement the record is denied. The Court finds, however, that this action should be stayed and the case remanded to the Secretary of Commerce for a determination whether the administrative record should be reopened to receive two filings and invite comments thereon.

Plaintiff Mobil (later joined by plaintiff-intervenors Chevron and Conoco) filed a complaint against the Secretary of Commerce ("Secretary") in January 1995. Mobil contends that the Secretary acted arbitrarily when he refused to override objections,

---

1. Plaintiff Mobil filed its initial objection and motion to supplement prior to plaintiff-intervenors Chevron and Conoco's entering the case; Chevron and Conoco later joined plaintiff Mobil's motion, and the Court treats the two separate filings as one motion. Likewise, the federal defendant's opposition to plaintiff Mobil's objection was later supplemented by defendant-intervenor North Carolina, and the Court treats their filings as one opposition.

lodged by defendant-intervenor North Carolina pursuant to the Coastal Zone Management Act (CZMA), 16 U.S.C. § 1451 *et seq.*, to Mobil's submission of a request for an offshore drilling permit and its Plan of Exploration (POE) of a particular offshore drilling site. These two submissions, and North Carolina's subsequent objections, resulted in separate appeals to the Secretary. He rendered two separate Decisions on Mobil's appeals, refusing in each instance to override North Carolina's objections. The Secretary submitted a 10,000–page joint Administrative Record (AR) to the Court on May 2, 1995.

Plaintiffs object to the scope of the AR, claiming that two "critically important" studies, submitted to the Secretary more than two years after the comment period closed on Mobil's appeals, should have been considered by the Secretary and included in the AR. The studies were submitted to the Secretary by an agency of the Department of the Interior (DoI) approximately six weeks prior to the Secretary's issuance of his two Decisions on Mobil's appeals.

It is difficult for the Court to ascertain the division of labor between the DoI and the Department of Commerce with respect to reviewing Mobil's efforts to drill at its requested offshore site. Although the Secretary of Commerce is vested with the authority to review and override states' objections to permit requests pursuant to the CZMA, the DoI also monitored Mobil's efforts, albeit through other channels. After Mobil initiated its appeal of North Carolina's objection to its request for a drilling permit, but prior to Mobil's appeal of North Carolina's objection to its POE, Congress enacted the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2701 *et seq.* (Supp.1995). Section 6003 of the OPA, 33 U.S.C. § 2753, was termed the "Outer Banks Protection Act." Section 2753(e) created an Environmental Sciences Review Panel (ESRP), to assess "the adequacy of available physical oceanographic, ecological and socioeconomic information [relat-

ing to the North Carolina outer continental shelf] in enabling the Secretary of the Interior to carry out his duties under the Outer Continental Shelf Lands Act." 16 U.S.C. § 2753(e). The ESRP produced a Report to the Secretary of the Interior (Report), which Report was also submitted to the Secretary of Commerce and included in the AR in both of Mobil's appeals.

On April 6, 1992, months after the AR had first been closed for Mobil's drilling permit appeal and its POE appeal,[2] the Secretary of the Interior notified Congress of his intent to conduct "two additional studies prior to permitting Mobil to drill." Def.'s Opp. at 13. The two studies, conducted by the Minerals Management Service (MMS),[3] are the studies Mobil now wishes to include in the AR: one study examined the benthic, or seabed, impacts of Mobil's drilling activities, and the second examined the socioeconomic impacts of Mobil's activities. Mobil did not request that the studies be conducted, nor did Mobil initially request that the studies be included in the record.

On December 1, 1993, a letter was sent (and copied to counsel for Mobil) from the Attorney General of North Carolina to the National Oceanic and Atmospheric Administration (NOAA) Office of General Counsel, expressing the Attorney General's understanding that the AR in the two Mobil appeals would not be reopened to receive the benthic and socioeconomic studies.[4] Def.'s Opp., Ex. A., par. 1. The letter also expressed the Attorney General's understanding that, should the Secretary "decide[ ] to consider either the socioeconomic study or [the] benthic survey," the AR would be reopened to receive those studies and comments thereon. *Id.* The Secretary apparently did not respond to the December 1993 letter, nor did Mobil move to clarify or contest the letter.

On July 22, 1994, however, the MMS sent a letter (copied to the Governor of North Carolina and a Mobil official) to the NOAA

---

2. The AR was reopened once in April 1992, to receive the ESRP report and comments pertaining thereto, and closed again in May 1992.

3. MMS is an agency within the DoI.

4. The letter was sent to the NOAA because the NOAA, an agency within the Department of Commerce, was apparently delegated with reviewing authority by the Secretary.

enclosing the benthic and socioeconomic studies, which the MMS termed "relevant to the appeal of North Carolina's objection ... to Mobil[ ]'s [POE]." Pl.'s Obj. to Scope of Admin. R. ("Pl.'s Obj."), Ex. A. The letter noted that the MMS had recently completed a review of the two studies, which apparently were concluded in March 1993 and September 1993. From what the Court can discern, neither the NOAA nor the Secretary responded to the MMS's letter.

Six weeks later, on September 2, 1994, the Secretary issued his Decisions declining to override North Carolina's objections to Mobil's request for a drilling permit and its POE.[5] In both Decisions, the Secretary noted several times that he lacked information about the effects of drilling on the benthic community and on the socioeconomic environment of neighboring coastal towns. *See* Pl.'s Obj. at 5–6. Plaintiffs contend that the two studies "completely satisfy the benthic and socioeconomic concerns expressed in the Decisions." Pl.'s Obj. at 6.

 The Court is not ordinarily in the business of incorporating new submissions into an AR in its review of an agency decision. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *American Legion v. Derwinski*, 827 F.Supp. 805, 811 (D.D.C. 1993). Nor does it ordinarily second-guess an agency's decision to close an AR at a particular date. *See Personal Watercraft v. Dept. of Commerce*, 48 F.3d 540, 542–43 (D.C.Cir.1995) (noting that "[a]gencies are free to ignore" filings received almost two years after a comment period closed); *Community Nutrition Institute v. Block*, 749 F.2d 50, 58 (D.C.Cir.1984). There is no question that the benthic and socioeconomic studies were concluded and submitted well after the AR had been closed on Mobil's appeals. However, the studies were conducted by MMS for one purpose—to gather more information "prior to permitting Mobil to drill." Def.'s Opp. at 13. Thus the Court's uncertainty about the division of labor: while the Secretary of Commerce is vested with a final decision on the matter, the DoI expend-

ed time and resources conducting studies specifically geared toward Mobil's request to drill for hydrocarbons off the shore of North Carolina. *See* 16 U.S.C. § 1456(a) ("In carrying out his functions and responsibilities under this chapter, the Secretary shall consult with ... and ... coordinate his activities with other interested Federal agencies.") The unsolicited submission by MMS to the Secretary, with the letter noting that the enclosed studies were "relevant to [Mobil's] appeal," may well have led Mobil to assume those studies were to be considered by the Secretary (who, over two years after the AR closed, had not issued his Decisions). They apparently were not. Accordingly, the Court concludes that it is appropriate to remand this case to the Secretary.

The Court remands this case not with directions to include the studies in the AR, but with directions to consider whether the AR should be reopened to receive the two MMS studies and invite comments pertaining thereto. If the Secretary decides to reopen the AR and admit the studies and receive comments, the parties should so notify the Court and dismiss the current action. If the Secretary decides against reopening the AR, the Court will lift the stay. If the stay is lifted, in keeping with the Order issued on May 2, 1995, plaintiffs should file their motion for summary judgment 49 days after the stay is lifted, with oppositions and replies to be filed in keeping with the schedule set in the May 2, 1995, Order. An appropriate Order accompanies this Opinion.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it hereby is

ORDERED, that this action is stayed and the case remanded to the Secretary of Commerce for a determination whether the administrative record should be reopened to receive two studies and invite comments thereon. It hereby further is

ORDERED, that if the Secretary admits the two studies, the parties shall so notify the

---

**5.** In declining to override the state's objections, the Secretary denied Mobil a federal permit to

drill at that particular site. *See* 16 U.S.C. § 1456(c)(3)(A) (1985 & Supp.1995).

**4**

Court and dismiss this action. It hereby further is

ORDERED, that if the Secretary declines to reopen the record to admit the two studies, the parties shall so notify the Court and the Court will lift the stay. It hereby further is

ORDERED, that if the stay is lifted, plaintiffs shall file their motion for summary judgment 49 days after the stay is lifted. It hereby further is

ORDERED, that defendants shall file their opposition and/or cross-motion for summary judgment 28 days after plaintiffs' motion for summary judgment is filed. It hereby further is

ORDERED, that plaintiffs' reply memorandum and/or opposition to defendants' cross-motion for summary judgment shall be filed 21 days after filing of defendants' opposition. It hereby further is

ORDERED, that defendants shall (if necessary) file a reply memorandum to plaintiffs' opposition to defendants' cross-motion for summary judgment 21 days after filing of plaintiffs' opposition.

SO ORDERED.